# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                            CASE NO. 6:21-cr-10068-JWB-01-02-03

**DUSTIN KENNETH STROM,**
**THOMMIE-LYN STANSKY, and**
**DILLON E. EVERMAN**

        **Defendants.**

# SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1

**Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography**
**18 U.S.C. § 2251(a) and (e)**

Between February 1, 2021 and August 23, 2021, in the District of Kansas, the defendants,

**DUSTIN KENNETH STROM, and**
**THOMMIE-LYN STANSKY,**

did knowingly conspire with each other to use a minor, Minor Victim 1 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be produced using materials that had been mailed, shipped, and

transported in and affecting interstate or foreign commerce, and knowing such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a) and (e).

## COUNT 2

**Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography**
**18 U.S.C. § 2251(a) and (e)**

Between May 1, 2021 and August 23, 2021, in the District of Kansas, the defendants,

**DUSTIN KENNETH STROM, and**
**THOMMIE-LYN STANSKY,**

did knowingly conspire with each other to use a minor, Minor Victim 2 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be produced using materials that have been mailed, shipped, and transported in and affecting interstate or foreign commerce, and knowing such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and

affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a) and (e).

## COUNT 3

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

Sometime between February 1, 2021, and June 7, 2021, in the District of Kansas, the defendant,

**DUSTIN KENNETH STROM,**

knowingly used a minor, Minor Victim 1 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 4

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

On or about sometime between July 1, 2021 and July 23, 2021, in the District of Kansas, the defendant,

**DUSTIN KENNETH STROM,**

knowingly used a minor, Minor Victim 1 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 5

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

Between May 1, 2021, and August 23, 2021, in the District of Kansas, the defendant,

### DUSTIN KENNETH STROM,

knowingly used a minor, Minor Victim 2 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 6

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

Between May 1, 2021, and August 23, 2021, in the District of Kansas, the defendant,

### THOMMIE-LYN STANSKY,

knowingly used a minor, Minor Victim 2 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 7

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

Between February 1, 2021, and August 23, 2021, in the District of Kansas, the defendant,

### THOMMIE-LYN STANSKY,

knowingly used a minor, Minor Victim 1 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transmitted

using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 8

### Distribution of Child Pornography
### 18 U.S.C. 2252A(a)(2)

On or about August 23, 2021, in the District of Kansas, the defendant,

### DUSTIN KENNETH STROM,

knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate or foreign commerce, and did so in and affecting interstate and foreign commerce by any means including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT 9

### Possession of Child Pornography
### 18 U.S.C. 2252A(a)(5)(B)

On or about August 23, 2021, in the District of Kansas, the defendant,

### THOMMIE-LYN STANSKY,

knowingly possessed and accessed with intent to view any computer disk and other material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)A), that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that was

produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such child pornography involved a prepubescent minor who had not attained 12 years of age, all in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## COUNT 10

### Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a) and (e)

Between June 1, 2021 and August 23, 2021, in the District of Kansas, the defendants,

**DUSTIN KENNETH STROM, and**
**DILLON E. EVERMAN,**

did knowingly conspire with each other to use a minor, Minor Victim 1 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be produced using materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce, and knowing such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a) and (e).

## COUNT 11

**Distribution of Child Pornography**
**18 U.S.C. 2252A(a)(2)**

On or about August 20, 2021, in the District of Kansas, the defendant,

**DILLON E. EVERMAN,**

knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate or foreign commerce, and did so in and affecting interstate and foreign commerce by any means including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT 12

**Possession of Child Pornography**
**18 U.S.C. 2252A(a)(5)(B)**

On or about September 16, 2021, in the District of Kansas, the defendant,

**DILLON E. EVERMAN,**

knowingly possessed any computer disk and other material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)A), that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such child pornography involved a prepubescent minor who had not attained 12 years of age, all in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-12 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253(a).

2. Upon conviction of one or more of the offenses set forth in Counts 1, 2, 3, 4, 5, and 8, the defendant **DUSTON KENNETH STROM** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to:

Samsung Galaxy S21 5G (IMEI 35616374129000) smartphone;

All pursuant to Title 18 U.S.C. § 2253 (a).

3. Upon conviction of one or more of the offenses set forth in Counts 1, 2, 6, 7, and 9, the defendant **THOMMIE-LYN STANSKY** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to:

Samsung Galaxy S21 (IMEI 359506143268138) smartphone;

All pursuant to Title 18 U.S.C. § 2253 (a).

4.       Upon conviction of one or more of the offenses set forth in Counts 10, 11, and 12, the defendant **DILLON E. EVERMAN** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to:

Iphone 6S, Model A1634 smartphone;

All pursuant to Title 18 U.S.C. § 2253 (a).

## A TRUE BILL.

October 5, 2021                              s/Foreperson
DATE                                          FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Jason W. Hart
JASON W. HART
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: Jason.hart2@usdoj.gov
Ks. S. Ct. No. 20276

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

**Counts 1-7, 10 (Strom 1, 2, 3, 4, 5 and 10; Stansky 1, 2, 6, and 7; Everman 10)**

- Punishable by a term of imprisonment of not less than fifteen (15) years but not more than thirty (30) years. If such person has a prior conviction under section 1591, chapter 71, chapter 109A, chapter 110, chapter 117, or section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be for not less than twenty-five (25) years nor more than fifty (50) years. If such person has two or more prior convictions under chapter 71, chapter 109A, chapter 110, chapter 117, or section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to sexual exploitation of children, the term of imprisonment shall be for not less than thirty-five (35) years nor more than life. 18 U.S.C. § 2251(e).
- A term of supervised release of not less than five (5) years and up to life. 18 U.S.C. § 3583(k).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. §3014(a)(3).
- An additional assessment of not more than $50,000.00. 18 U.S.C. §2259A(a)(3).

**Counts 8, 11 (Strom 8; Everman 11)**

- Punishable by a term of imprisonment of not less than five (5) years but not more than twenty (20) years. If such person has a prior conviction under section 1591, chapter 71, chapter 109A, chapter 110, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the term of imprisonment shall be for not less than fifteen (15) years nor more than forty (40) years.
- A term of supervised release of not less than five (5) years and up to life. 18 U.S.C. § 3583(k).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. §3014(a)(3).
- An additional assessment of not more than $50,000.00. 18 U.S.C. §2259A(a)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. §3014(a)(3).
- An additional assessment of not more than $35,000.00. 18 U.S.C. §2259A(a)(2).

**Counts 9 and 12 (Stansky 9; Everman 12)**

- Punishable by a term of imprisonment of not more than twenty years (20) years. If such person has a prior conviction under chapter 71, chapter 109A, chapter 110, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be for not less than ten (10) years nor more than twenty (20) years**.** 18 U.S.C. § 2252A(b)(2).
- A term of supervised release of not less than five (5) years and up to life.  18 U.S.C. § 3583(k).
- A fine not to exceed $250,000.00.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person.  18 U.S.C. §3014(a)(3).
- An assessment of not more than $17,000.00. 18 U.S.C. § 2259A(a)(1).