FILED
U.S. District Court
District of Kansas

SEP - 6 2022

Clerk, U.S. District Court
By JRoach Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | Case No. 21-CR-10068-03-JWB |
| vs. ) | |
| ) | PETITION TO ENTER PLEA |
| ) | OF GUILTY AND ORDER |
| DILLON E. EVERMAN, ) | ENTERING PLEA |
| ) | [Federal Rules of Criminal |
| Defendant. ) | Procedure, Rules 10 and 11] |

The defendant represents to the Court:

1. My full, true name is DILLON E. EVERMAN. I am thirty years of age. I have completed school through the twelfth grade and I have a general equivalent degree. I request that all proceedings against me be in my true name.

2. I am represented by a lawyer. His name is Paul S. McCausland.

3. I received a copy of the Superseding Indictment before being called upon to plead. I have read the Superseding Indictment and I have discussed it with my lawyer. I fully understand every charge made against me.

4. I told my lawyer all the facts and circumstances known to me about the charges made against me in the Superseding Indictment. I fully informed my lawyer on all such matters, including my past criminal record, if any.

5. I know that the Judge must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Judge that I did the following acts in connection with the charges made against me in Count 10 of the Superseding Indictment, Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography:

> Between June 1, 2021 and August 23, 2021, in the District of Kansas, I and my co-defendant, DUSTIN KENNETH STROM, did knowingly conspire with each other to use a minor, Minor Victim 1 known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be produced using

materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce, and knowing such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and such visual depiction was transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, in violation of Title 18 U.S.C. § 2251(a) and (e).

6. My lawyer has counseled and advised me on the nature of the charges, on all lesser included charges, and on all possible defenses that I might have in this case. I understand what my lawyer has told me.

7. I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY", I know the Constitution guarantees me (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand; and if I do not take the witness stand, no inference of guilt may be drawn from such failure.

8. I know that if I plead "GUILTY", I am thereby giving up my right to a trial, and that there will be no further trial of any kind, either before a Judge or jury; and further, I realize the Judge may impose the same punishment as if I had pleaded "NOT GUILTY", stood trial, and been convicted by a jury.

9. I know that, if I plead "GUILTY", the Judge will ask me questions about the offense to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

10. My lawyer informed me that the plea of "GUILTY" to Count 10 of the Superseding Indictment, Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography, will subject me to punishment, which, as provided by law, is a sentence of not less than 15 years and not more than 30 years imprisonment, a fine of up to $250,000.00, a term of supervised release of at least 5 years and up to life, an additional assessment of up to $50,000.00 pursuant to 18 U.S.C. §2259A(a)(3), an additional assessment of $5000.00 pursuant to 18 U.S.C. §3014, and restitution pursuant to 18 U.S.C. §2259. I have also been informed that

should the Judge find me in violation of the supervised release term, the term could be revoked and an additional 3 year term of imprisonment imposed.

I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Judge will be the sentence I serve less any good time credit if I earn it.

11. I know that in addition to any other penalty imposed, including any fine or restitution order, the Judge is required to impose a special monetary assessment in the amount of $100.00 for Count 1 pursuant to 18 U.S.C. § 3013. **I UNDERSTAND THIS SPECIAL ASSESSMENT MUST BE PAID AT THE TIME OF THE SENTENCING HEARING UNLESS THE COURT DIRECTS OTHERWISE**.

12. I understand that under the Sex Offender Registration and Notification Act (SORNA), a federal law, I must register and keep the registration current in the following jurisdictions: the location of my place of residence, the location of my place of employment, and, if I become a student, the location of my school. Registration will require me to provide all of the information required by federal and applicable state law. This plea will subject me to the requirements and penalties of 18 U.S.C. § 2550 and 34 U.S.C. § 20913, and the laws of the states and countries where I reside, work, go to school or travel.

13. I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the Court may approve, to the victims of the offense.

14. I have been advised and understand that if I am on supervised release or probation in another case, by pleading guilty here, my supervised release or probation may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed in this case.

15. I declare that no officer or agent of any branch of government (federal, state or local) has promised, suggested or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY", except as follows: NO RECOMMENDATION except as set forth in the Plea Agreement attached hereto and incorporated herein in paragraph 17. If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge

can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable. 18 U.S.C. §3661. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the advisory Sentencing Guidelines issued by the United States Sentencing Commission, an advisory sentencing guideline range will be calculated by the probation office. The Judge may, but is not required to, sentence me from within the guideline range. In determining the advisory guideline range and the sentence to impose, the Judge also may consider possible departures under the advisory Guidelines and other sentencing factors under 18 U.S.C. § 3553(a) and Chapter Five of the advisory Guidelines. The Judge may order that the sentence for the offense to which I am pleading guilty run concurrent to or consecutive to other sentences to which I am subject. The Judge may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted, and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of the responsibility for the offense, may have specific effect on the sentence.

I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Judge sees fit to impose, up to the maximum sentence allowed by law. However, I respectfully request the Judge to consider, in mitigation of punishment, that I have voluntarily entered a plea of guilty.

16. I understand that a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case unless the Judge finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. §3553. The report of the presentence investigation shall contain the factors set forth in Rule 32 as well as information relevant to sentencing under 18 U.S.C. §3553(a). These include the classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentences available to the Judge, and the sentencing range the officer believes applicable. The report shall include the history and characteristics of the defendant and such other information required by the Judge recognizing the factors set forth in paragraph 15 above.

17. My plea of "GUILTY" is the result of a plea agreement entered into between the government attorney, my attorney and me, pursuant to Rule 11(c)(1)(A) of the Rules of Criminal Procedure. I have read it and have discussed its terms with my lawyer, who has explained that I am giving up many important rights by signing the agreement, including, the right to appeal my conviction and

sentence and my right to file a motion under 18 U.S.C. § 2255. I understand my lawyer's explanation of the plea agreement.

Since my plea of "GUILTY" is the result of a plea agreement, I hereby offer and incorporate herein, as if fully set forth, the terms of the Plea Agreement, which is presented to the Judge with this Petition. I fully understand that the Judge is not bound by the terms of the Plea Agreement, and may accept or reject said agreement. If the Judge rejects the agreement, I also understand the Judge will not give me the opportunity to withdraw my plea of guilty, except as provided by Federal Rules of Criminal Procedure 11(c)(1)(C), (c)(5) and/or (d).

18. I believe that my lawyer has done all that anyone could do to counsel and assist me, **AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME**.

19. I know that the Judge will not permit anyone to plead "GUILTY" who maintains he is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY" and respectfully request the Judge to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows:

**GUILTY TO COUNT 10 OF THE SUPERSEDING INDICTMENT.**

20. My mind is clear. I am not under the influence of alcohol or drugs. I have not taken any medication within the past seven (7) days, *except Celexa for anxiety and depression - DEE*

21. I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. I know of no reason why my mental competence at the time of the commission of the alleged offenses, or at the present time, should be questioned.

22. I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this Petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Superseding Indictment, this Petition, in any plea agreement and in the certificate of my attorney which is attached to this Petition.

23. I request the Court to enter my plea of "GUILTY" as set forth in paragraph (19) of this Petition.

24. I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which

5

appear in every part of this Petition are true and correct.

SIGNED AND SWORN to by me in open Court, in the presence of my attorney, this 6th day of September 2022.

_____
Dillon E. Everman, Defendant

SUBSCRIBED AND SWORN to before me this 6th day of September 2022.

_____
Deputy Clerk

6

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant, Dillon E. Everman, hereby certifies:

1. I have read and fully explained to the defendant the allegations contained in the Superseding Indictment in this case, the Plea Agreement and this Petition.

2. To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing Petition are in all respects accurate and true.

3. I explained the maximum penalty for each count to the defendant.

4. The plea of "GUILTY" offered by the defendant in paragraph (19) accords with my understanding of the facts he related to me and is consistent with my advice to the defendant.

5. In my opinion, the plea of "GUILTY" offered by the defendant in paragraph (19) of the Petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY" to Count 10 of the Superseding Indictment.

6. I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

**NONE, EXCEPT AS SET OUT IN PARAGRAPH (15) ABOVE.**

7. I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement. The terms of the agreement are incorporated in paragraph (17) of the Petition, and I have informed the defendant that the Court is not bound by the terms of the agreement and that if the Court rejects the agreement, the Court will not give him the opportunity to withdraw his plea of "GUILTY", unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(C), (c)(5) and/or (d).

Signed by me in open court in the presence of the defendant above-named and after full discussion of the contents of this certificate with the defendant, this 6th day of September 2022.

_____
Paul S. McCausland, KS # 08878
Attorney for Defendant

7

## ORDER

I find that the defendant is fully competent and capable of entering a plea of guilty; that the defendant understands the charge(s); that the defendant's plea of guilty is being made freely, voluntarily, and because he/she is guilty as charged; that the defendant's guilty plea is not the result of ignorance, fear, inadvertence or coercion, and that it is made with full understanding of the consequences; that the defendant's guilty plea is not the result of any promises (except those specifically set forth in the plea agreement); and that there exists a factual basis for the plea as relates to each essential element of the offense(s). Therefore, I accept the defendant's guilty plea. I will defer my decision on whether to accept the plea agreement until after I have reviewed the presentence report. If I sentence the defendant, the parties may assume that I have accepted the plea agreement. A presentence investigation is ordered to be made.

Done in open court this 6th day of September, 2022.

JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE